MAYER·BROWN

Mayer Brown LLP
1221 Avenue of the Americas
New York, New York 10020-1001

Main Tel +1 212 506 2500
Main Fax +1 212 262 1910
www.mayerbrown.com

April 20, 2016

Christopher J. Houpt
Direct Tel +1 212 506 2380
Direct Fax +1 212 849 5830
choupt@mayerbrown.com

**VIA ECF**

The Honorable Andrew L. Carter, Jr.
United States District Court for the
  Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re:    *Federal Deposit Insurance Corporation, as*
       *Receiver for Guaranty Bank v. The Bank of New*
       *York Mellon*, Case No. 15-cv-6560

       *Federal Deposit Insurance Corporation, as*
       *Receiver for Guaranty Bank v. Citibank N.A.*,
       Case No. 15-cv-06574

Dear Judge Carter:

    We represent Defendants Citibank, N.A. and The Bank of New York Mellon in the above-captioned cases. We write in response to FDIC's supplemental authority letter discussing two recent decisions: *BlackRock Allocation Target Shares: Series S Portfolio v. The Bank of New York Mellon*, No. 14-cv-9372 (GBD) (S.D.N.Y. Mar. 25, 2016) ("*BlackRock*") and *Phoenix Light SF Ltd. v. Deutsche Bank Nat'l Trust Co.*, No. 14-cv-10103 (JGK), 2016 WL 1212573 (S.D.N.Y. Mar. 29, 2016) ("*Phoenix Light*").

    Contrary to FDIC's assertions that the breach of contract claims here are "nearly identical" to *BlackRock* (Letter at 1) and "substantially the same" as *Phoenix Light* (*id.* at 2), as we explained in our motion to dismiss, in relevant part the pleadings are very different. Both of those decisions analyzed whether the plaintiffs had alleged a sufficient factual basis to support a claim of actual knowledge. *See, e.g.*, *BlackRock*, slip op. at 15 ("The allegations in the Complaint raise a plausible inference of BNYM's actual knowledge of breaches of representations and warranties."); *Phoenix Light*, 2016 WL 1212573, at *9 ("The contract claims cannot be dismissed for failure to plead actual knowledge with respect to pre-Event of Default obligations."). As we explained in our motion to dismiss, FDIC's breach of contract claim fails precisely because it does not even attempt to plead actual knowledge—it concludes only that the Trustees "knew, or *should have known*" of alleged breaches by other parties. Motion at 12-14. FDIC has never had any response to this point, and it ignores the distinction again in its letter.

    In addition, as FDIC acknowledges, Judge Koeltl is the latest judge to dismiss claims under the Streit Act. He found that Section 126 requires only that a trust indenture contain

Mayer Brown LLP

The Honorable Andrew L. Carter, Jr.
April 20, 2016
Page 2

certain provisions" and "does not address compliance with the provision that is required to be included." *Phoenix Light*, 2016 WL 1212573, at *17; Letter at 3.

     We thank the Court for its attention to this matter.

                    Respectfully,

                    Christopher J. Houpt

cc:    All counsel of record (by ECF filing)